IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**REGINALD JACKSON,**

        **Petitioner,**

   v.            CASE NO. 03-3398-RDR

**U.S. PAROLE COMMISSION,**

        **Respondent.**

### MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 while petitioner was incarcerated in the United States Penitentiary in Leavenworth, Kansas.[1]  Having examined the record, the court enters the following findings and order.

**Background**

Petitioner was convicted in the Superior Court of the District of Columbia in 1973 on the charge of kidnapping.  He was sentenced to a term of 4 to 30 years, and released on parole in December 1977.  He returned to custody as a parole violator based on both technical and new criminal charges.  He was then convicted in the Superior Court of the District of Columbia and sentenced in August 1983 to a prison term of 24 to 72 years for convictions on charges of taking indecent liberties with a minor child, enticing a minor child, and sodomy.

---

[1]The record reflects that petitioner is currently confined in a Bureau of Prisons' facility (USP-Big Sandy)in Inex, Kentucky.

Following petitioner's initial parole hearing in December 2001, and a hearing examiner's request for the preparation of a psychological report to assess petitioner's risk of further sexual predatory behavior involving minor children, the United States Parole Commission ("Commission") issued a Notice of Action dated July 26, 2003, in which it denied parole and set reconsideration at 36 months with an updated psychological report. It determined that petitioner's total guideline range for release on parole was 204 to 218 months, that he had been in custody for 227 months, and that a decision above the total guideline range was warranted based on his prior kidnapping conviction of a young girl and his current offenses which involved the sexual of assault of a young boy and a young girl over a two year period. The Commission further noted petitioner's continuing denial of responsibility for the current conviction, and found petitioner remained a risk to minor children.

## Discussion

Petitioner seeks relief from the Commission's decision, and alleges due process and ex post facto violations by the Commission's application of federal parole guidelines rather than D.C. parole guidelines. Petitioner also claims the Commission's denial of parole was an abuse of discretion because the reasons given were not meaningful, were based on incorrect information, and were impermissibly based in part on petitioner's exercise of his constitutional rights.

*Guidelines*

Pursuant to the National Capital Revitalization and Self-

Government Act of 1997, the Commission assumed responsibility for making parole release decisions for all eligible D.C. Code offenders. *See* National Capital Revitalization and Self Government Improvement Act of 1997, Publ. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C.Code Ann. § 24-1231).  The Commission was to follow the existing parole laws and rules of the District of Columbia, but was authorized to "amend or supplement" such regulations.  Under this authority, the Commission revised the parole regulations of the D.C. Board ("Board") in 1998 and 2000. Significantly, it retained the discretion previously exercised by the Board to deny parole notwithstanding the regulatory total point score or guideline range, and to order reparole consideration after a time that was appropriate under the circumstances.

Thus to the extent petitioner argues he had an expectation of release pursuant to mandatory language in the D.C. guidelines, and contends the Commission erroneously set a parole date and rehearing date outside the D.C. guidelines, case law in the District of Columbia has long recognized that the particular circumstances of a prisoner's history may warrant a decision which exceeds the guidelines.  In <u>Ellis v. District of Columbia</u>, 84 F.3d1413 (C.A.D.C. 1996), the court cited case law holding that the Board need not grant or deny parole based upon the scoring system established by the regulations but instead retains "substantial discretion ... to grant or deny parole." <u>Id</u>. at 1419 (*citing* <u>McRae v. Hyman</u>, 667 A.2d 1345, 1345 (D.C. 1995)).  *See also* <u>Hall v. Henderson</u>, 672 A.3d 1047 (D.C. 1996)(upholding a decision outside prescribed times based upon

3

the prisoner's particular circumstances, including extreme cruelty to the victim and repeated or serious institutional misconduct).

Accordingly, the court finds no merit to petitioner's claim that the Commission applied inappropriate parole guidelines to his case.

*Ex Post Facto Clause*

Nor is there merit to petitioner's claim that application of the Commission's revised D.C. parole guidelines increased petitioner's punishment in violation of the Ex Post Facto Clause. That clause is interpreted to forbid the passage of laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43 (1990)(*citation omitted*). However, it is well established that parole guidelines do not constitute laws for ex post facto purposes. *See* Resnick v. United States Parole Comm'n, 835 F.2d 1297, 1301 (10th Cir. 1987)("the decided weight of authority is that [parole] guidelines of this sort, being guidelines only, are not subject to the ex post facto prohibition"). *See also* California Dept. Of Corrections v. Morales, 514 U.S. 499 (1995)(amendment to state statute that allowed Board of Prison Terms to reduce frequency of hearings in some circumstances did not violate ex post facto clause; statute did not increase petitioner's punishment but merely altered' method for assessing release date under same substantive standards).

*Denial of Parole and Time Interval for Reconsideration*

The standard of review in a habeas corpus action concerning a federal parole determination is limited. The court will not

overturn a decision by the Commission "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir. 1983). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir. 1987).  The court is not to reweigh evidence, evaluate credibility, or substitute its judgment for that of the Commission. Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir. 1989).

Also, contrary to petitioner's contention, a prisoner's refusal to accept responsibility for his conviction offenses can be considered by parole officials. *See e.g.,* McKune v. Lile, 536 U.S. 24, 44 (2002)(no Fifth Amendment violation in offering early parole for inmates accepting responsibility for their crimes)(*citing* Baxter v. Palmigiano, 425 U.S. 308, 320 (1976).  "Acceptance of responsibility is the beginning of rehabilitation. And a recognition that there are rewards for those who attempt to reform is a vital and necessary step toward completion." McKune, 536 at 47.

In the present case, the Commission provided specific reasons and aggravating factors for denying parole, namely petitioner's kidnapping offense involving a minor victim and petitioner's sexual abuse of two minor victims over a period of years after petitioner was released on parole.  It also considered petitioner's failure to

accept responsibility for his current offenses as relevant to the Commission's finding that petitioner was not rehabilitated and remained a risk to children if released. These provide more than a rational basis for the Commission's decision to deny parole and to extend the period for future reconsideration of release on parole.

## Conclusion

It is settled law that a decision may exceed the D.C. guidelines when the circumstances of an offender warrant such treatment, and the record contains a rational basis for the decision to exceed the guidelines applicable to petitioner.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed and all relief is denied.

DATED: This 12th day of March 2007, at Topeka, Kansas.

                                   s/ Richard D. Rogers
                                   RICHARD D. ROGERS
                                   United States District Judge